**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MARTIN A. JONES, | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:05-cv-00135-RLY-WGH |
| CRAIG HANKS, | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Martin A. Jones ("Jones") seeks a writ of habeas corpus to overturn the determination in a disciplinary proceeding identified as No. WVD 04-11-0188 that he violated the rules of conduct applicable to inmates by refusing an order. For the reasons explained in this Entry, Jones' petition for a writ of habeas corpus must be **denied.**

**Background**

A conduct report was issued on November 22, 2004, charging Jones with refusing to obey an order from any staff member. Jones was supplied with a copy of the charge and was notified of his procedural rights in connection with the anticipated hearing. A hearing on the matter was conducted on December 7, 2004. Jones was present and made a statement concerning the charge. The conduct board considered Jones' statement, together with the other evidence, and found Jones guilty of the misconduct with which he had been charged. He was sanctioned, and his administrative appeals were denied. This action followed.

Jones seeks habeas relief based on the contentions that 1) the conduct board was not impartial, and 2) there was insufficient evidence to support the conduct board's decision.

**Discussion**

Jones is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir.1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Jones was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Jones received all the process to which he was entitled. The petition and supplement show that the charge was clear, that Jones received more than 24 hours advance notice of the hearing, that he appeared at the disciplinary hearing and made a statement concerning the charge, that the conduct board set forth in writing its findings and the evidence considered, that the statement of the sanctions was clear, and that a written reason for the sanctions imposed was made.

With respect to the sufficiency of the evidence, the facts favorable to the conduct board's decision are that during the early afternoon of November 22, 2004, Sgt. Cooper observed Jones speaking with another offender in a housing unit at the Wabash Valley Correctional Facility, and instructed Jones to return to his cell. Jones did not do this, but walked to the laundry room instead. Sgt. Cooper again instructed Jones to return to his cell. Jones walked toward his cell, but spoke with another offender for approximately four minutes. A rational finder of fact could conclude that Jones' failure to obey the orders to return to his cell constituted his refusal to obey Sgt. Cooper's orders, and this satisfies the "some evidence" required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994).

Jones' challenges to the disciplinary proceeding lack merit. Jones' first claim is that the conduct board was not impartial. However, this contention is based on nothing more than Jones' dissatisfaction with the outcome of the proceeding. This is *post hoc* reasoning and does not show bias. On the contrary, a conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff*'s procedural requirements, does not pose a hazard of arbitrariness which violates due process. *Wolff,* 418 U.S. at 571.

Jones' second claim is to the sufficiency of the evidence, which has already been considered. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). In this case, the Conduct Report fulfills the "some evidence" requirement of *Hill.* It does so by describing Jones' failure to obey Sgt. Cooper's orders. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992). Prison authorities were not compelled to credit Jones' statement that he did not hear the instructions that he return to his cell. *See Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Jones to relief. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the petition itself or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Accordingly, his petition for a writ of habeas corpus must be denied and this action dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/10/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana